## McKANA v. ENGLUND.

1. EXECUTORS AND ADMINISTRATORS—WIDOW'S ALLOWANCE—WAIVER.
   Widow is entitled to statutory allowance as a matter of right if the estate is administered unless for a consideration she has waived it or agreed to distribution without administration.

2. SAME—COLLATERAL ATTACK—ESTOPPEL.
   Parties to family settlement agreement may not collaterally attack administration of estate by proceeding in equity where they did not appeal from order appointing administrator and have participated in the administration of the estate.

3. SAME—FAMILY SETTLEMENT AGREEMENT—WIDOW'S ALLOWANCE.
   Family settlement agreement providing merely for distribution of property of estate does not bar widow's statutory allowance (3 Comp. Laws 1929, § 15553).

4. DESCENT AND DISTRIBUTION—FAMILY SETTLEMENT AGREEMENT—FRAUD.
   Family settlement agreement for distribution of property is valid, there being no evidence of fraud.

Appeal from Delta; Bell (Frank A.), J. Submitted October 6, 1933. (Docket No. 90, Calendar No. 37,431.) Decided December 5, 1933.

Bill by Lydia Knutsen McKana, Ellen Anderson, Albert G. Englund and Arnold Englund against Hannah Englund and State Savings Bank to specifically enforce a family settlement agreement as to the estate of Andrew Englund, deceased, and to enjoin payment of widow's allowance. Decree for plaintiffs. Defendant Englund appeals. Reversed.

*H. J. Rushton* and *Thomas J. Rushton,* for plaintiffs.

*Harlan J. Yelland,* for defendant Englund.

McDonald, C. J. This is an appeal from a decree of the Delta circuit court granting specific performance of a family settlement agreement in the estate of Andrew Englund, deceased; and restraining Hannah Englund from drawing a widow's allowance.

Andrew Englund died intestate on August 16, 1932. He was survived by his widow, Hannah Englund, the defendant, and four adult children by a former marriage, all of whom are plaintiffs in this case. On petition of the widow, the State Savings Bank of Escanaba was appointed administrator. In the afternoon following the filing of her petition, which was about a week after the death of Mr. Englund, the widow and the children met at the bank, held a conference with Mr. Warmington, the cashier, and there entered into an agreement for a division of the property belonging to the estate, which consisted of personal property, approximately of the value of $6,000 and real estate inven-

toried at $2,500. The agreement was not reduced to writing, but was effectuated by two documents, a bill of sale and a quitclaim deed, which were executed and delivered to the proper parties. Subsequently the administrator was duly appointed, qualified and proceeded to administer the estate. At the time this suit was begun an inventory had been made and filed, a hearing on claims was had and an allowance granted the widow. Lydia Knutsen McKana, one of the children, had filed a claim of $3,625 against the estate for support and maintenance of Arnold Englund, a minor son of the decedent; but the claim was disallowed at the request of her attorney.

On the hearing of the petition for widow's allowance the children appeared by counsel in opposition thereto and contended that because of the family agreement for a division of the property there was no estate to administer, and, therefore, the probate court was without authority to grant the petition. Notwithstanding this contention, the court made an order allowing the widow $30 per week during the administration of the estate and for not less than one year. It does not appear that the widow drew any money on this order. Subsequently on her application which she states was made in the interest of family harmony, the allowance was reduced to $20 per week.

Having failed to stop the allowance in the probate court plaintiffs began this suit in chancery, the principal object of which was to restrain the defendant from drawing the money. The defendant Hannah Englund filed an answer and cross-bill in which she asked, as affirmative relief, that the bill of sale and the quitclaim deed be set aside on the ground of fraud and that her interest in the property be restored.

On the hearing the trial court found that the plaintiffs were not guilty of fraud as alleged; that the contract made a complete division of all the property belonging to the estate and was a bar to the defendant's right to a widow's allowance. Accordingly a decree was entered dismissing the cross-bill and permanently restraining her from drawing the allowance.

Assuming but not holding that the equity court has jurisdiction of the subject-matter, the question is whether the agreement for a division of the property should be construed to bar the defendant's right to a widow's allowance during the settlement of the estate.

The agreement in question was not complete, except as to a division of the property. There was no agreement that the estate would not be administered in the regular way in the probate court. In fact, it was so administered, or was being administered, when this suit was begun and all of the parties were participating. There was no agreement as to the payment of the debts, funeral expenses, widow's allowance, and other expenses of administration. The widow's allowance is a statutory provision pertaining to the administration of the estate (3 Comp. Laws 1929, § 15553). It is intended for her support and maintenance during the progress of administration. *Miller* v. *Stepper*, 32 Mich. 194; *Pulling* v. *Durfee*, 85 Mich. 34.

So if the estate is being administered she is entitled, as a matter of right, to the statutory allowance, unless for a consideration she has expressly agreed to waive it, or has consented to a distribution without administration. If the conditions are such that the property of the estate can be distributed without administration, and that course is agreed to by all the interested parties, there is no necessity

for a widow's allowance. But in this case there was no agreement to have the property distributed without administration. There was no agreement that the widow would waive her allowance. The subject was not mentioned at the family conference. The plaintiffs do not claim there was any express understanding in respect to that matter. Their claim is that the waiver arises from the bare fact that she agreed to a distribution of the property; that the agreement left nothing to be administered; that it constituted a legal bar to the administration of the estate and that, therefore, the court's order for a widow's allowance was a nullity.

There is no merit to this contention. As a matter of fact the estate was being administered when this suit was begun. In various ways the plaintiffs participated in the administration. One of them filed a large claim against the estate. Their objection came only after the widow applied for an allowance; but if they had not participated, as the administrator was duly appointed without appeal, they cannot in this collateral action question the appointment or the necessity therefor. *Ormsbee* v. *Piper,* 123 Mich. 265.

The fact that there was an agreement for division of the property does not in itself bar her right to the statutory allowance for support during the administration of the estate. *Pulling* v. *Durfee, supra; Bliss* v. *Livingston Probate Judge,* 149 Mich. 271.

The trial judge erred in restraining the widow from drawing her allowance in accordance with the order of the probate court. He was right in dismissing her cross-bill. There was a total lack of evidence to sustain her allegations of fraud. The agreement for a distribution of the property is

valid and binding on the parties and at the proper time the probate court will probably distribute it accordingly.

A decree will be entered in this court dismissing both the bill and cross-bill. The defendant, Hannah Englund, will have costs.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.