ESTATE OF CHARLES H. FRANKLIN, DECEASED, GRACE B. FRANKLIN, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101482. Promulgated February 13, 1941.

*John C. Evans, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

## OPINION.

VAN FOSSAN: The petitioner contends that the widow's allowance paid by her as executrix of her husband's estate to herself as his widow, out of income, pursuant to a probate court order, constitutes a deduction from income allowable under the provisions of section 162 (c) of the Revenue Act of 1936.[1] The respondent's position is that such payment was a charge against the corpus of the estate and hence is not deductible.

It may be noted that although the amended court order directed a payment out of income, the facts do not reveal any practical substantiation of such fact. All receipts, either of principal or of income, were commingled in one common bank account. No allocation, identification or earmarking was made on the books. In view of other more basic considerations, however, we place no emphasis on this fact.

Section 15,553 of the Compiled Laws of the State of Michigan, 1929, as amended, is as follows:

Debts of testator and family expenses; liability of estate; allowance for widow. Sec. 22. All the estate of the testator, real and personal, shall be liable to be disposed of for the payment of his debts, and the expenses of administering his estate, and the probate court may make such reasonable allowance as may be judged necessary for the expenses of the maintenance of the widow and minor children, or either, constituting the family of the testator, out of his estate, during the progress of the settlement of the estate, but never for a longer period than until their shares in the estate shall be assigned to them, nor for more than one (1) year in an insolvent estate. (Section 27.2653, Michigan Statutes Annotated.)

The case of *Title Insurance & Trust Co., Executor*, 25 B. T. A. 805, involving the California statutes, presented a situation essentially the same as the one now before us. The applicable sections of such statutes provided that if the property set apart were insufficient for the support of the widow or children, the court must take such reasonable allowance out of the estate as should be necessary for the maintenance of the family during the progress of the settlement of the estate. In that case we said:

There is no mention made in the statutes of income of the estate of the decedent.

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

The granting of family allowance is not dependent on the existence of income of the estate, but the statute (§ 1466), in certain instances and for a limited period, authorizes the proper court or a judge thereof to make such reasonable allowance "out of the estate" as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate, although the estate may be insolvent.

The right of the widow to a family allowance is purely statutory. *In re Welch's Estate*, 106 Cal. 427; 39 Pac. 805; *In re McSwain's Estate*, 176 Cal. 280; 168 Pac. 117; *Hills* v. *Superior Court in and for Los Angeles County*, 207 Cal. 666; 279 Pac. 805.

The widow's allowance is in the nature of a part of the cost of administration. 24 C. J. 230, 231 and note 98 on page 231, citing *Deeble* v. *Alerton*, 58 Col. 166; 143 Pac. 1096; *Wilson* v. *Wilson*, 55 Col. 70; 132 Pac. 67. It is not a claim or demand which must be presented in due form of law to the executor or administrator of the estate, but is an expense of administration. *In re Cutting*, 174 Cal. 104; 161 Pac. 1137.

In determining the value of the net estate subject to estate tax, section 403 of the Revenue Act of 1921 and the corresponding section 303 of the Revenue Act of 1924, allow as a deduction from the corpus of the estate administration expenses, claims against the estate and such amounts reasonably required and expended for the support during the settlement of the estate of those dependent upon the decedent as are allowed by the laws of the jurisdiction under which the estate is being administered.

In *McKana* v. *Englund*, 265 Mich. 214; 251 N. W. 308, the court held that the widow's allowance (authorized by section 15,553) is a statutory provision pertaining to the administration of the estate, intended for her support and maintenance during the progress of administration. See *Charles Lesley Ames*, 14 B. T. A. 1067; affd., 49 Fed. (2d) 853.

We conclude, therefore, that the payment of a widow's allowance is a cost of and attaches to the administration and settlement of the estate, irrespective of the source from which it came.

The petitioner argues that the estate of a decedent includes both its corpus and the current income therefrom. This is undoubtedly true, but since the income is a part of the estate and the widow's allowance is an expense of its proper administration, such allowance is, under the statute, a charge against the entire estate and not against the income only. The fact that a probate court, by an amended order, directed payment from income does not alter the inherent character of the allowance. Mrs. Franklin received the "widow's allowance" not as a legatee, heir, or beneficiary of the estate, but as the widow of the deceased and by virtue of the statute. As costs of administration, the payments in question were properly deductible in computing the Federal estate tax and, as the respondent represents, were so deducted. They do not, however, come within the deductions from income allowed by the statute.

The petitioner argues further that, if the widow's allowance is a charge against the corpus, Mrs. Franklin received only that to which she was entitled under the terms of the decedent's will and that thus the facts bring the case within the contemplation of the statute.

We are not impressed with this argument. We are dealing with an income tax case. Mrs. Franklin appears in three capacities—as executrix (the petitioner), as beneficiary under the will, and as widow. The estate was unsettled during the taxable years. No distribution of any kind had been made to Mrs. Franklin as a beneficiary. The allowances in question were payable and paid to her as widow, regardless of any provisions of the will or any agreement to the contrary, and it was wholly within the discretion of the court to determine the amount thereof, if any. See *Montgomery* v. *Trombley*, 276 Mich. 439; 267 N. W. 648.

It is beside the point to argue that Mrs. Franklin *might* have been paid as a beneficiary all sums needed and deemed by her proper for her support. The fact is that she was paid nothing pursuant to the directions of the will, but she did receive $26,000 each year solely as a widow's allowance granted in strict accord with statutory requirements.

*Decision will be entered for the respondent.*