MATTER OF GARCIA

In Deportation Proceedings

A-5128684

*Decided by Board March 16, 1966*

1) Suspension of deportation will not be granted an alien whose case has been twice rejected by Congress for such relief when nothing new has been added to his record since it was last referred to Congress.
(2) Conviction under section 336, Michigan Penal Code, 1931, for taking indecent liberties with the person of a 9-year-old female child "without committing or intending to commit the crime of rape" is a conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit: Petit Larceny, and Indecent Liberties.

This case has been sent to Congress twice for approval of a grant of suspension of deportation under the Immigration and Nationality Act, and both times Congress has denied suspension. On March 21, 1957, the special inquiry officer granted suspension of deportation under section 244(a)(5) of the Immigration and Nationality Act, and this grant was approved by the Acting Regional Commissioner, Northwest Region. On December 31, 1963, respondent was granted suspension of deportation under section 244(a)(2) of the Immigration and Nationality Act, as amended, in the light of the additional factor that he had married a dependent United States citizen. This marriage took place after the previous grant of suspension. Congress again failed to approve the grant of suspension. Respondent again applies for suspension of deportation. On December 14, 1965, the special inquiry officer granted respondent voluntary departure from the United States with an automatic order of deportation to Mexico in the event he fails to depart. Respondent appeals to this Board.

The entire record has been carefully reviewed by the Board. The facts have been set forth in previous decisions of the special inquiry officer. The appeal will be dismissed and the order of the special inquiry officer of December 14, 1965, will be approved.

· Respondent is 68 years old, and has lived in the United States since 1918. The two offenses on which the deportation order is based are (1) petty larceny, committed in 1933, and (2) indecent liberties with the person of a minor female child, committed in 1941. Aside from these convictions, the respondent's only criminal record consists of several arrests for being drunk.

Respondent's first wife died in 1935. From 1947 he lived with a "common-law wife" who died in 1955. In 1957 he married his present wife, and they are still living together. He had one child by his first marriage, but he does not know where she is. He testified that he was not able to take care of her and that she was raised from infancy by someone else.

Respondent testified that he receives Social Security benefits of $95 a month, and his wife is employed as a dishwasher at $25 a week. She has had this employment for only a short time. Respondent earns $1200 a year in addition to his Social Security payments. He has been employed as a grinder of aluminum castings by the same company since 1953.

The record contains two letters particularly favorable to respondent. The Director of the Welfare Department of Muskegon County, Michigan, Mr. William Lindsay, states (Exhibit 10 (B and C)) that he was respondent's parole officer for several years after respondent was released from prison in 1945. Mr. Lindsay commends respondent highly for his adjustment to parole and since that time. The County Clerk of Muskegon County states (Exhibit 2-R, letter of November 29, 1965) that he "feels badly that the Congress rejected" respondent's application for suspension of deportation.

. The Board will not grant suspension of deportation when Congress has twice rejected this case for such a grant. Nothing new has been added to this record since it was last referred to Congress. Therefore, counsel's plea on the merits must be denied.

Counsel pleads that the Immigration and Nationality Act is unconstitutional as it applies to respondent in that it operates retroactively, constitutes an ex post facto law, is a denial of due process and is, therefore, contrary to the United States Constitution. The Board has long held that it is not within our province to pass on the constitutionality of the statutes administered by us, that we accept the legislative mandates given us, and it is within the power and capacity of the United States courts to declare them unconstitutional.

*Matter of L—*, 4 I. & N. Dec. 556, 557; *Matter of H—*, 3 I. & N. Dec. 411, at 456 and 457, and extensive authority cited therein.

Counsel appeals from the holding that respondent is deportable for the two offenses set forth in the order to show cause. Particularly, he complains that petty larceny is, at most, a misdemeanor. Petty larceny has long been held to be a crime involving moral turpitude. The record does not show anything except that respondent plead guilty in the Municipal Court of Cleveland, Ohio, on May 19, 1933, to a charge of petit larceny, and was sentenced to 30 days' imprisonment in the workhouse. Since *U. S. ex rel. Meyer v. Day*, 54 F.2d 336 (2d Cir., 1931), no one has successfully challenged the ruling that petty theft constitutes a crime involving moral turpitude. See *Matter of R—*, 1 I. & N. Dec. 540. This Board has no authority to retry the criminal case; we are bound by the record of conviction, although we recognize the severity of the penalty under the circumstances of the present record.[1]

The second offense of which respondent was convicted was for taking indecent liberties with the person of a nine-year-old child "without committing or intending to commit the crime of rape" under section 336 of the Michigan Penal Code, 1931.[2] He was sentenced for three to ten years in the State Prison. The maximum penalty was ten years. The record shows that the court made "no recommendation."

Our survey of the Michigan decisions under the pertinent sections indicates that the purpose of the section is to punish males who take improper and indecent liberties with female children, and the "liberties" are defined as being "such as the common sense of society would regard as indecent and improper". *People v. Bonneau*, 323 Mich. 237, 35 N.W. 2d 161 (1948); *People v. Szymanski*, 321 Mich. 248, 32 N.W. 2d 451 (1948); *People v. Lakin*, 286 Mich. 282, 282 N.W. 149 (1938). *Armstrong v. Bannan*, 272 F.2d 577 (6th Cir. 1959), held that it is not necessary that the statute define the offense with particularity, citing *People v. Hicks*, 98 Mich. 86, 90, 56 N.W. 1102, 1104 (1893). The Michigan cases also indicate that lesser offenses,

---

[1] "Petty theft" in California was found to be a crime involving moral turpitude in *Matter of V—*, 2 I. & N. Dec. 340, and in *Matter of V—I—*, 3 I. & N. Dec. 571. In each of these cases relief from deportation was granted under the Seventh Proviso to section 3 of the Immigration Act of 1917, as amended.

[2] Act No. 328, #336, Pub. Acts 1931, Michigan, under which respondent was convicted provided that if any male over 16 years of age shall assault and take indecent liberties with a female child under the age of 16 without committing or intending to commit the crime of rape he shall be guilty of a felony.

those which would not necessarily involve moral turpitude, are not prosecuted under this section and, if prosecuted, have been acquitted. *People* v. *Visel*, 275 Mich. 77, 265 N.W. 781 (1936); *People* v. *Healy*, 265 Mich. 317, 251 N.W. 393 (1933); *People* v. *Sheffield*, 105 Mich. 117, 63 N.W. 65 (1895), and cases cited.

We are unable to find a decision of this Board concerning a conviction under this statute or for this exact offense. Our decisions concerning sexual offenses involving young children require a finding that respondent was convicted of a crime involving moral turpitude. Most of the cases involve statutory rape or attempted rape, which is specifically excluded as an element of an offense under section 336, Michigan Penal Code. The Board holds, generally, that when the statute is "divisible", i.e., one which may or may not describe crimes involving moral turpitude, we must look to the record to discover the exact nature of the offense for which respondent was convicted. In *Matter of W—*, 5 I. & N. Dec. 239, we decided that a conviction for contributing to the delinquency of a minor under section 33 of the Juvenile Delinquents Act of 1929, Statutes of Canada, 1929, c. 46, 19–20, a divisible statute, constituted a crime involving moral turpitude. We mentioned in that decision that the statutes particularly penalize immoral actions which involve young children. In *Matter of S—*, 5 I. & N. Dec. 686, we considered an indecent assault against a female under section 292(a) of the Canadian Criminal Code to be an act of moral depravity and a crime involving moral turpitude under *U. S. ex rel. Mylius* v. *Uhl*, 203 Fed. 152, aff'd 210 Fed. 860 (2d Cir., 1914), and *U. S. ex rel. Ciarello* v. *Reimer*, 32 F. Supp. 797. *Matter of R—*, 3 I. & N. Dec. 562, found carnal knowledge of a girl under 16 and above 14 years of age, in violation of section 301(2) of the Criminal Code of Canada, to involve moral turpitude. In *Matter of F—*, 2 I. & N. Dec. 610, we held that contributing to the delinquency of a child under the Illinois Criminal Code, sections 37.090 and 37.089, may or may not be a crime involving moral turpitude, depending on the record in the individual case. F— was found to have committed a crime involving moral turpitude for having contributed to the delinquency of a girl 15 years of age.

We found many unreported cases holding that convictions under these broad statutes may or may not involve moral turpitude, and that an examination of the indictment is necessary to determine moral turpitude in each case. We held that convictions for violations of the following statutes involved moral turpitude: (1) Article 203 of the Criminal Code of Poland defining commission of immoral acts with persons less than 15 years of age; (2) impairing the morals of a minor under section 483 of the New York Penal

Law; (3) contributing to the delinquency of a child under section 37.089 of the Illinois Criminal Code. In each case we found the statute to be disjunctive or divisible and that the information filed in each case described an act which involved moral turpitude. There have been several cases under section 702 of the Welfare and Institutions Code of California involving convictions for committing acts which cause or tend to cause juveniles to "lead a dissolute life". There have been many California cases under section 1203.3 of the Penal Code of California where we found convictions for "base and depraved" offenses and "lascivious conduct" involve moral turpitude. We have made similar findings where there were convictions for contributing to the delinquency of a minor under section 7, Chapter 674, the laws of Maryland; under sections 1639-45 and 1639-2 of the Ohio General Code; under section 1987-17, Remmington's Revised Statutes of Washington; under Article 534 of the Texas Penal Code; and under section 7996, Chapter 30, Compiled Laws of Michigan, 1929.

Considering the precedent decisions, the nature of the statute, and the acts charged in the information, it must be found that the offense for which respondent was convicted in 1941, indecent liberties with a female child of nine years, was a crime involving moral turpitude.

The Board finds that respondent is deportable on the charge stated above, and that voluntary departure is the only relief from deportation available at this time. The order of the special inquiry officer will be affirmed. The appeal will be dismissed.

ORDER: It is ordered that the appeal be dismissed.

*It is further ordered* that the order of the special inquiry officer be and is hereby affirmed.