*Decision will be entered under Rule 50.*

ESTATE OF LAWRENCE R. McCOY, DOROTHY H. McCOY, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6348–66. Filed July 3, 1968.

*Raymond T. Mahon*, for the petitioner.
*A. W. Dickinson*, for the respondent.

#### OPINION

TIETJENS, *Judge:* The Commissioner determined deficiencies for the taxable period May 9, 1963, through December 31, 1963, and for the taxable year 1964, in the amounts of $2,232.19 and $5,719.77, respectively.

The sole issue is whether a widow's allowance paid out of principal of the estate, pursuant to a Probate Court decree, is deductible under section 661(a) of the Internal Revenue Code of 1954,[1] in computing the taxable income of the estate.

All of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference.

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.

Dorothy H. McCoy (hereinafter referred to as Dorothy or petitioner) was duly appointed executrix for the Estate of Lawrence R. McCoy (hereinafter referred to as the estate). Dorothy resided in Vermont during the years here in issue and also at the time her petition was filed with this Court. Dorothy is the widow of Lawrence R. McCoy, who died on May 9, 1963.

On July 15, 1963, Dorothy filed the following petition for a widow's allowance with the Probate Court for the District of Manchester, Vt.:

STATE OF VERMONT  
DISTRICT OF MANCHESTER } ss.

IN RE ESTATE OF LAWRENCE R. McCOY  
To the Honorable Probate Court for the District Aforesaid:  
Your Petitioner respectfully represents that she is the widow of Lawrence R. McCoy, late of Manchester in said District, deceased, and that she and Robert S. McCoy are the duly appointed Executors of said estate.  
That said estate will amount to more than $950,000.00, and that the annual income therefrom is expected to exceed $15,000.00  
WHEREUPON, said Petitioner respectfully prays that said Court will make an order in the premises directing the Executors of said estate to pay to said widow out of the personal estate of said decedent, or from the income therefrom, from the date of his death until settlement of said estate, the sum of $1,000.00 each month for the expenses of maintenance of herself.  
Dated at Manchester in said District this 6th day of July, 1963.

(S)   Dorothy H. McCoy  
DOROTHY H. McCOY

Filed: July 15, 1963,  
Attest, MARGARET DOUGHERTY, *Judge*

On the same date, the Probate Court entered the following order granting the petition of Dorothy:

STATE OF VERMONT  
DISTRICT OF MANCHESTER } ss.

The Honorable Probate Court for the District Aforesaid:  
On application of Dorothy H. McCoy, widow of Lawrence R. McCoy, late of Manchester in said District, deceased, for an allowance, it is ordered by said Court that there be and there hereby is set apart out of the personal estate of said deceased, and assigned to said widow, Dorothy H. McCoy, the sum of One Thousand Dollars ($1,000.00) each month, from and after decedent's death, for expenses of maintenance of said widow during the settlement of said estate.  
IN TESTIMONY WHEREOF, I hereunto affix the seal of said court, and subscribe my name at Manchester in said District, this 15th day of July, 1963.

[Seal]                         (S)   MARGARET DOUGHERTY, *Judge*

During the taxable period May 9, 1963, to December 31, 1963, the estate paid to Dorothy $7,000 at the rate of $1,000 per month, pursuant to the aforementioned order of the Probate Court. During the taxable year 1964, Dorothy received $12,000 from the same source and in the same manner as described above.

During 1963 and 1964, the estate made no other distributions to Dorothy. The widow's allowances of $7,000 and $12,000 were made out of and charged to the principal of the estate. This fact was reported in the first probate account filed by Dorothy as executrix of the estate in the Probate Court for the District of Manchester, Vt.

Dorothy filed fiduciary income tax returns for the estate for the taxable periods ending on December 31, 1963, and December 31, 1964, and deducted the respective amounts of the widow's allowance on each return. Petitioner explained the deduction in a footnote on these tax returns as follows:

Distribution is claimed to be non-taxable to the beneficiary under section 62 or section 662, even though it is claimed to be deductible by the estate under section 661 and even though there is sufficient distributable net income to cover the distribution—see Schedule C and attached explanation.

The attached explanation referred to above stated:

The decedent's spouse, Dorothy H. McCoy, was granted a *widow's allowance* of $1000 per month by the Vermont probate court. (See attached court order.) The estate made payments totaling $7000 under the court order in 1963. [The estate made payments totaling $12,000 under the court order in 1964.] Said payments, whether made out of income or corpus, are deductible by the estate under section 661(a)(2). The amounts are not taxable to the widow under section 662 because she does not take the payments as a "beneficiary" and section 662 only applies to tax payments received by a "beneficiary." As authority for the proposition that the widow does not take the widow's allowance as a beneficiary of the estate, see * * * *Buck* v. *McLaughlin*, 48 F. 2d 135, 2 U.S.T.C. Par. 685 (C.A. 9th 1931); *Estate of Charles H. Franklin* (1941), 43 B.T.A. 612; *Estate of Proctor G. Rensenhouse* (1956), 27 T.C. 107; *Katherine Titus MacMurray* (1951), 16 T.C. 616. Likewise it is claimed that the recipient of the widow's allowance granted by the probate court is not taxable on said payments under section 62.

For the taxable period May 9 through December 31, 1963, and for the taxable year 1964, the estate's distributable net income within the meaning of section 643 was $14,876.47 and $20,196.15, respectively.

The Commissioner disallowed the claimed deductions of $7,000 for the taxable year May 9, 1963, to December 31, 1963, and $12,000 for 1964, because it was not established that the amounts constituted allowable deductions under section 661, I.R.C. 1954.

Our problem is whether the estate may deduct under section 661(a),[2] the amounts that the Probate Court required it to pay as a widow's

___

[2] SEC. 661. DEDUCTION FOR ESTATES AND TRUSTS ACCUMULATING INCOME OR DISTRIBUTING CORPUS.

(a) DEDUCTION.—In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate or trust * * *, the sum of—

(1) any amount of income for such taxable year required to be distributed currently (including any amount required to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for such taxable year); and

(2) *any other amounts properly paid or credited or required to be distributed for such taxable year;*

but such deduction shall not exceed the distributable net income of the estate or trust. [Emphasis supplied.]

allowance and which were ultimately paid out of and charged to the principal of the estate.

Petitioner argues that the amounts of the widow's allowances are a proper deduction from the estate's income since they clearly qualify as "any other amounts properly paid * * * or required to be distributed" under section 661(a) and that the amounts distributed did not exceed the "distributable net income" (DNI). The latter is undisputed.

The Commissioner takes issue with this argument and refers to section 1.661(a)–2(e),[3] Income Tax Regs., which specifically provides that a widow's allowance is deductible under this section only where it is payable out of and chargeable to the *income* of the estate.

Petitioner says this regulation is invalid. Initially, petitioner argues that the regulation necessitates tracing of distributions to their source (income or principal), contrary to the congressional intent of subchapter J, I.R.C. 1954. Under the 1939 Code, property distributed from the principal of the estate generally was not deductible by the estate from its income. Sec. 162 (b) and (c), I.R.C. 1939. However, where the property distributed had its source in the income of the estate, and if it otherwise qualified, the Internal Revenue Code of 1939 employed the "conduit" principle, allowing the income to be passed through to the beneficiary, so that he and not the estate would ultimately be taxed on the income. Thus, under the 1939 Code, it was important that the source of each distribution, income or principal, be determined.

Petitioner asserts, however, that when Congress enacted subchapter J of the Internal Revenue Code of 1954, the concept of distributable net income (DNI), was specifically adopted. Within this concept, so long as the amount distributed did not exceed the estate's DNI as defined in section 643, the conduit mechanism of the Code would still operate with respect to all distributions qualifying under section 661(a), but without any necessity for tracing the distribution to its

---

[3] Sec. 1.661(a)–2 Deduction for distributions to beneficiaries.

(e) The terms "income required to be distributed currently" and "any other amounts properly paid or credited or required to be distributed" do not include amounts required to be paid by a decedent's estate pursuant to a *court* order or decree as an allowance or award under local law for the support of the decedent's widow or other dependent for a limited period during the administration of the estate, *except to the extent such amounts are payable out of and chargeable to income under the order or decree or local law.* The term "any other amounts properly paid or credited or required to be distributed" does not include the value of any interest in real estate owned by a decedent, title to which under local law passes directly from the decedent to his heirs or devisees. [Emphasis supplied.]

source. Congressional intention is well documented in support of this view. See H. Rept. No. 1337, 83d Cong., 2d Sess., p. 61, A194, A199 (1954) ; S. Rept. No. 1622, 83d Cong., 2d Sess., p. 343, 349 (1954).

The facts here clearly fall within regulation 1.661(a)–2(e), and petitioner's only possible chance to win is a frontal assault on the regulations. Accordingly, petitioner's argument is that the regulation is not consonant with the purpose of sections 661 through 663, and the plain wording of section 661(a)(2), and is invalid. We agree with petitioner.

We think the regulation is inconsistent with the plain wording of section 661(a). Under the provisions of that section the estate may deduct "the sum of—(1) any amount of income * * * required to be distributed currently * * * and (2) any other amounts properly paid or credited or required to be distributed" so long as the sums do not exceed the estate's distributable net income. To us, a widow's allowance ordered by a Probate Court, whether payable from income or corpus, is an amount "properly paid * * * or required to be distributed."

This is not the Commissioner's interpretation, as evidenced in his regulation. His position is that a widow's allowance is deductible by the estate under section 661(a), but *only* if it is "payable out of and chargeable to income." Sec. 1.661(a)–2(e), Income Tax Regs. We find no warrant for this restriction either in the statutory language or the legislative history.[4]

Lest it be thought strange that payments from principal are deductible under section 661, we point to section 1.661(a)–2(c), Income Tax Regs., which provides as follows:

The term "any other amounts properly paid or credited or required to be distributed" includes *all amounts* properly paid, credited or required to be distributed by an estate or trust during the taxable year *other than income required to be distributed currently*. Thus, the term includes the payment of an annuity to the extent it is not paid out of income for the taxable year, *and a distribution of property in kind.* * * * Where the income of an estate or trust may be accumulated or distributed in the discretion of the fiduciary, or where the fiduciary has a power to distribute corpus to a beneficiary, *any such discretionary distributions would qualify under section 661(a)(2).* The term also includes an amount applied or distributed for the support of a dependent of a grantor or of a trustee or co-trustee under the circumstances described in section 677(b) or section 678(c) out of *corpus* or out of other than income for the taxable year. [Emphasis supplied.]

4 It is interesting to note that in the Proposed Rule Making, 21 Fed. Reg. 2865, 2875, proposed sec. 1.661(a)–2(c) provided that the term "any other amounts properly paid or credited or required to be distributed," includes "the payment of a widow's allowance." No distinction was made between an allowance paid from estate income or principal. When the regulations were approved, 21 Fed. Reg. 10207, 10219, sec. 1.661(a)–2(e), which is in controversy here, appeared. We have been unable to find any explanation for the change.

The Commissioner, on brief, discloses some fear that if the estate is allowed the claimed deduction, the widow might not be taxable on the widow's allowance, referring to section 102, I.R.C. 1954. We do not have the widow's case before us and do not decide that question. However, see *United States* v. *James*, 333 F. 2d 748, where the Ninth Circuit held a widow taxable on her allowance where it was payable from the income of the estate.

We appreciate that the regulations are entitled to respect and are not to be held invalid except for good reason. We have been heedful of these principles; nevertheless we hold section 1.661(a)–2(e) invalid so far as here applicable. Petitioner is entitled to the claimed deductions.

Reviewed by the Court.

*Decision will be entered under Rule 50.*