SCOTT D. CAMERON, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2194–75—2196–75.   Filed August 29, 1977.

---

[1] Cases of the following petitioners are consolidated herewith: Catherine C. Cameron, docket No. 2195–75; and Arthur A. Cameron, Jr., docket No. 2196–75.

*Robert B. Milsten* and *Keith T. Childers,* for the petitioners.
*J. Michael Adcock,* for the respondent.

OPINION

TIETJENS, *Judge:* The Commissioner determined the following deficiencies in the petitioners' income taxes:

| Petitioner | Taxable year | Deficiency |
|---|---|---|
| Scott D. Cameron | 1967 | $8,554.74 |
| | 1968 | 14,868.89 |
| Catherine C. Cameron | 1967 | 5,260.00 |
| | 1968 | 2,113.45 |
| Arthur A. Cameron, Jr. | 1967 | 8,802.21 |
| | 1968 | 335.00 |

These cases were fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The facts which we deem necessary for decision will be referred to below. Because each of these cases involves the same issue and is based on the same basic facts, they have been consolidated herein.

The only issue to be decided is whether the petitioners must include in gross income under section 662(a) certain distributions each received from the Estate of Arthur A. Cameron, deceased.

At the time of the filing of the petition in docket No. 2194–75, petitioner Scott D. Cameron resided in Los Angeles, Calif., and filed his 1967 and 1968 Federal income tax returns with the Internal Revenue Service Center at Fresno, Calif. At the time of the filing of the petition in docket No. 2195–75, petitioner Catherine C. Cameron resided in Rockport, Maine. She filed no Federal income tax returns for the periods involved in her petition, taxable years 1967 and 1968. Finally, petitioner Arthur A. Cameron, Jr., resided in Pittsboro, N.C., when he filed the petition in docket No. 2196–75. His Federal

income tax return for 1967 was filed with the Internal Revenue Service Center at Fresno, Calif.; he filed no return for 1968.

The petitioners are all children of Arthur A. Cameron, who died on March 1, 1967. During the taxable years in question, each petitioner was a minor, and the Estate of Arthur A. Cameron, deceased (estate), was properly probated before the Superior Court of the State of California for the County of Los Angeles (Probate Court) under the laws of the State of California. At various times during 1967 and 1968, the Probate Court ordered the estate to pay to the guardians of each of the decedent's minor children various monthly and lump sum amounts "for the support and maintenance of said minor(s)." Pursuant to those orders, the following amounts were received on behalf of the petitioners by their guardians: the guardian for petitioner Scott D. Cameron received $24,750 in 1967 and $33,000 in 1968; the guardian for petitioner Catherine C. Cameron received $19,800 in 1967 and $10,800 in 1968; and the guardian for Arthur A. Cameron, Jr., received $26,100 in 1967 and $2,900 in 1968. During those taxable years, the estate had distributable net income (DNI), as defined in section 643, in excess of the amounts paid to the petitioners as family support allowances. Moreover, the amounts paid to the petitioners were deducted on the estate's Federal fiduciary income tax returns and not on its Federal estate tax return.

In *Estate of McCoy v. Commissioner*, 50 T.C. 562 (1968), we held that a widow's allowance paid out of and charged to the principal of an estate was deductible by the estate under section 661(a). In this case we are asked to decide whether similar family allowance payments are includable in the recipients' gross income under section 662(a). We hold that they are includable.

Section 662(a) provides in pertinent part:

SEC. 662(a). INCLUSION.—* * * there shall be included in the gross income *of a beneficiary* to whom an amount specified in section 661(a) is paid, credited, or required to be distributed (by an estate or trust described in section 661), the sum of the following amounts:

(1) AMOUNTS REQUIRED TO BE DISTRIBUTED CURRENTLY.—The amount of income for the taxable year required to be distributed currently *to such beneficiary,* whether distributed or not. * * * For purposes of this section, the phrase "the amount of income for the taxable year required to be

distributed currently" includes any amount required to be paid out of income or corpus to the extent such amount is paid out of income for such taxable year.

(2) OTHER AMOUNTS DISTRIBUTED.—All other amounts properly paid, credited, or required to be distributed *to such beneficiary* for the taxable year. * * *

[Emphasis added.]

The inclusions in gross income are limited to the extent that all current estate distributions exceed DNI. The petitioners contend that although the estate's DNI exceeded its distributions for the years in question,[3] no amount is includable in their gross income. This is because they received their family allowance distributions not as "beneficiaries," but in their capacities as minor children of the decedent, legally entitled to their father's support without the incidence of taxation. In support of this contention, the petitioners cite section 680 of the California Probate Code, which in the years at issue read:

The widow, widower, minor children, and adult children who have been declared incompetent by order of court are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent.

Because family allowances are paid in preference to all other estate charges (except funeral and administration expenses and expenses of last illness), the petitioners feel that their position with respect to the distributions involved is entirely different from that of a beneficiary.[4]

The term "beneficiary" is defined by section 643(c). "For purposes of this part [part I of subch. J], the term 'beneficiary' *includes* heir, legatee, devisee." (Emphasis added.) But it is not *limited* to "heir, legatee, devisee." This definition is

---

[3] Neither the stipulated facts nor the petitioners' briefs state that there were any other distributions by the estate for the years in question which, together with the above listed family allowance distributions, might have picked up a share of DNI and affected the petitioners' potential tax liabilities.

[4] In further support of their position, the petitioners cite *In Re Wiedemann's Estate,* 39 Cal. Rptr. 496 (1st Dist. Ct. App. 1964), and *In Re Woodward's Estate,* 40 Cal. Rptr. 781 (3d Dist. Ct. App. 1964), which generally hold that family allowances take priority over most other estate charges and are unrelated to inheritance rights.

intentionally broad and should not be narrowly construed. See sec. 7701(b). In *United States v. James,* 333 F.2d 748 (9th Cir. 1964), cert. denied 379 U.S. 932 (1964), a similar question was raised over payments received by an Arizona widow as a widow's allowance. The allowance was ordered in an Arizona estate and was expressly made payable out of the income of the estate. The widow argued that she was not a "beneficiary" within the meaning of section 643(c) and was, therefore, not taxable on the distributions received. The Ninth Circuit Court of Appeals held against the taxpayer, concluding that she was a beneficiary as defined in section 643(c). We find that case indistinguishable from this and hold that the petitioners in this case are also beneficiaries as defined in section 643(c).

Like the widow in *James,* the petitioners received their family allowances only by reason of their father's death; they were entitled to them only because of their status as minor children of the decedent; and they received them from his estate. Although they received the payments as a statutory right in preference to most other estate charges, they are beneficiaries nonetheless.

Moreover, the fact that under California law the payments may be made from either income or corpus does not affect their taxability in this case. Section 662(a) includes all current estate distributions in the recipient beneficiary's gross income to the extent of DNI. If DNI exceeds all current distributions to beneficiaries, then those distributions are all includable in the recipient beneficiaries' gross income whether paid from the estate's income or from its corpus. The statutory scheme of subchapter J dictates this result. Sec. 662(a)(2); sec. 102(b); see *Estate of McCoy v. Commissioner, supra.*

Finally, the petitioners argue that the Commissioner abused his discretion by making his amendments to Income Tax Regs. section 1.661(a)–2(e), section 1.662(a)–2(c), and section 1.662(a)–3(b) retroactive in their application. Those regulations were amended to conform to our decision in *Estate of McCoy v. Commissioner, supra.* Prior to *Estate of McCoy,* the regulations did not permit a deduction nor require an inclusion of family support allowances when paid out of the corpus of an estate. On January 17, 1973, T.I.R. 1226 (later released as Rev. Proc. 73–4, 1973–1 C.B. 751) was released concerning the proposed regulations. It stated that, if ap-

proved, the proposed regulations would be effective for all taxable years beginning after December 31, 1953, and ending after August 16, 1954. The release further stated that for years ending before final approval of the proposed regulations, the treatment of returns would not be disturbed if both the estate's and the beneficiary's treatment of family allowances were consistent with the prior regulations. Thus, if for taxable years ending before the proposed regulations became final the estate took no distribution deduction for a family allowance paid out of and charged to corpus, the Commissioner would not require the beneficiary to include such allowance in gross income. If, however, the estate filed a claim for refund based on such distribution deduction, the Commissioner would protect the interests of the Government by requiring the beneficiary to include such allowance in gross income.

Clearly, the Commissioner has the discretion to limit the retroactive application of his regulations. Sec. 7805(b). And we do not find the limitations stated in T.I.R. 1226 to be unreasonable or an abuse of discretion. The limitations were obviously designed to protect, in an equitable manner, those who had in good faith relied upon the Commissioner's prior, erroneous explanation of the law without unnecessarily prejudicing the Government's rights. Again, we find this to be neither unreasonable nor arbitrary.

*Decisions will be entered for the respondent.*