MARILYNN H. SCHAEFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaefer v. Commissioner
Docket No. 8724-78.
United States Tax Court
T.C. Memo 1983-465; 1983 Tax Ct. Memo LEXIS 322; 46 T.C.M. (CCH) 986; T.C.M. (RIA) 83465; August 10, 1983. Marilynn H. Schaefer, pro se. Judy Jacobs, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and an addition to tax as follows: Year
Deficiency
Sec. 6651(a)(1) [1]
1972
$7,878.39
1973
9,350.08
$874.37
1974
9,779.86
1975
10,113.83
1976
10,408.80
After concessions, [2] the sole issue for decision is whether a "widow's allowance" paid to petitioner during the years in question from her husband's estate is taxable to petitioner under section 662(a). *326 Our findings of fact and opinion are combined in this case to facilitate disposition of the issue remaining in dispute.Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and the exhibits attached thereto except those expressly excluded from evidence are incorporated herein by this reference. Petitioner resided in Kenosha, Wisconsin when she filed her petition in this case. For the years in issue, petitioner timely filed individual income tax returns with the Internal Revenue Service Center at Kansas City, Missouri. Petitioner's husband, Ben G. Schaefer ("decedent"), died testate on October 27, 1969. His will was probated in Kenosha County, Wisconsin. After certain specific bequests to petitioner and others, the will left the residue of the estate in trust, with the income payable to petitioner for life and the corpus to go to decedent's brothers, sister, and their children after petitioner's death. There have been a number of lawsuits in local state courts involving petitioner, the executors under the will, and others. Petitioner at various times considered claiming against the will but apparently failed *327 to make a timely election to do so. In any event, as of the time of the trial of this case, decedent's estate was still being administered in probate. There had been an accounting in August of 1977, at which time the successor trustee under decedent's will took charge of most of the trust assets, but the co-executors continued administering other assets of the estate. During each of the years in issue, petitioner received a "widow's allowance" of $24,000 from decedent's estate pursuant to an order of the probate court. Neither the initial order of the probate court, dated March 11, 1970, nor the amended order increasing the widow's allowance, dated November 23, 1970, identified the source of the payments as either from corpus or from income of the estate. As a result of the Wisconsin Department of Revenue attempting to impose inheritance tax on the amounts paid to petitioner as a widow's allowance, the probate court in August of 1977 ruled that that amount was not subject to inheritance tax and had been paid to the widow from the income of the estate. That decision was appealed and the Wisconsin Court of Appeals affirmed the probate court. The Wisconsin Supreme Court denied *328 petitioner's petition for review. Petitioner did not report the widow's allowance on her Federal income tax returns. During the years in issue, decedent's estate reported on its fiduciary income tax returns (Form 1041) the following items and amounts of income: Income
1972
1973
1974
1975
1976
Dividends
$13,190.38
15,185.92
$14,389.28
$14,220.38
$18,795.91
Interest
96.34
702.10
5,124.51
4,324.72
2,794.08
Income from
partnerships
and other
fiduciaries
15,606.49
20,256.04
21,899.29
25,743.78
25,299.32
Net gain
(loss) from
capital assets
13,275.41
28,703.07
21,825.89
1,471.36
TOTAL INCOME
$42,168.62
$65,117.13
$63,238.97
$44,288.88
$48,360.67
For each year, decedent's estate claimed on its fiduciary income tax return a deduction of $24,000 for the widow's allowance paid to petitioner. For the years 1972 through 1975, the deduction was claimed on Form 1041, Line 14, as "Other deductions" and specifically identified as "widow's allowance." For the year 1976, the deduction was claimed on Form 1041, Line 17, as a "Deduction for distributions to beneficiaries;" this distribution was reported on Line 7 of Schedule C *329 as "Other amounts paid, credited, or otherwise required to be distributed." On the returns for 1972, 1973, 1974, and 1975, the Schedule C, "Distributable Net Income and Distributions Deduction," entries were not filled out and were left blank. For all five years, decedent's estate did not furnish to petitioner Schedules K-1 (Form 1041) showing the distributions to her as beneficiary, nor did decedent's estate file copies of such Schedules K-1 with its fiduciary income tax returns. In his notice of deficiency, respondent increased petitioner's taxable income for each of the years 1972 through 1976 to reflect the $24,000 widow's allowance received by petitioner in each of those years. Section 661(a) [3] allows an estate an income tax deduction for income required to be distributed currently and for other amounts properly paid or credited or otherwise required to be distributed, to the extent of its distributable net income ("DNI"). [4] Here, decedent's estate claimed, and has been allowed, a deduction under section 661(a) for the widow's allowance it paid to petitioner. Concomitantly, section 662(a) [5] requires a beneficiary [6] to include in her gross income amounts deducted by *330 an estate under section 661(a) that are paid, credited, or required to be distributed to her. [7] Here, petitioner did not report in her income the widow's allowance paid to her. Respondent has determined that those amounts were taxable income to her. *331 Both parties, particularly petitioner, have spent a large part of their efforts on the question of whether petitioner's widow's allowance was paid from the estate's corpus or from its income. However, such an inquiry is irrelevant. Sections 1.661(a)-2(e), 1.662(a)-3, Income Tax Regs.[8] As provided by the present regulations, amounts paid by an estate as a widow's allowance pursuant to a court order, as in this case, are deductible by the estate under section 661(a)(2), and includable in the widow's gross income under section 662(a)(2) (to the extent of the estate's DNI), regardless of whether such amounts were paid out of the income or corpus of the estate. We believe the present regulations correctly interpret the law. [9] As we stated in Cameron v. Commissioner,68 T.C. 744, 748 (1977): [T]he fact that under [state] law the payments may be made from either income or corpus does not affect their taxability in this case. Section 662(a) includes all current estate distributions in the recipient beneficiary's gross income to the extent of DNI. It DNI exceeds all current distributions to beneficiaries, then those distributions are all includable in the *332 recipient beneficiaries' gross income whether paid from the estate's income or from its corpus. The statutory scheme of subchapter J dictates this result. Sec. 662(a)(2); sec. 102(b); see Estate of McCoy v. Commissioner,supra.
*333 Mindful of this case law, petitioner also argues that respondent abused his discretion by giving retroactive effect to his amendments to the regulations under sections 661 and 662. See footnote 9. We rejected an identical argument made by the taxpayers in Cameron v. Commissioner,68 T.C. at 748-749. We noted that respondent had limited the retroactive effect of his amendments where both the estate and the beneficiary had, on their respective returns, treated the allowances consistently and in conformity with the prior regulations. See T.I.R. 1226, later released as Rev. Proc. 73-4, 1973-1 C.B. 751. Here there has not been such consistent treatment. The estate claimed deductions for the widow's allowance, and therefore the ameliorative provisions of Rev. Proc. 73-4 have no application here. We recognize that petitioner has had a continuing series of disputes with the executors of her husband's estate, and that she could not control the manner in which the estate filed its fiduciary tax returns. [10] However, respondent has broad power to correct mistaken interpretations of the tax laws. With new regulations, retroactivity is the norm. *334 Section 7805(b) grants respondent discretion to limit the retroactive effect of his regulations, and petitioner has not carried her heavy burden of showing that respondent abused his discretion. See Dixon v. United States,381 U.S. 68, 71-73 (1965); Automobile Club of Michigan v. Commissioner,353 U.S. 180, 184 (1957); Wendland v. Commissioner,79 T.C. 355, 381-383 (1982). We adhere to our holding in Cameron v. Commissioner,supra, that respondent did not abuse his discretion in making the amendments to the regulations retroactive. [11]
*335 We recognize that our construction of section 662(a) may result in a beneficiary being taxed upon a distribution of corpus. To some extent this may seem inconsistent with the long standing tax rule that gifts, inheritances, and bequests of property are excluded from gross income. Section 102(a). However, this construction is mandated by the Code provisions. See sections 661, 662, and 102(b). Section 102(b) specifically provides: (b) Income.--Subsection (a) shall not exclude from gross income-- (1) the income from any property referred to in subsection (a); or (2) where the gift, bequest, devise, or inheritance is of income from property, the amount of such income. Where, under the terms of the gift, bequest, devise, or inheritance, the payment, crediting, or distribution thereof is to be made at intervals, then, to the extent that it is paid or credited or to be distributed out of income from property, it shall be treated for purposes of paragraph (2) as a gift, bequest, devise, or inheritance of income from property. Any amount included in the gross income of a beneficiary under subchapter J shall be treated for purposes of paragraph (2) as a gift, bequest, devise, *336 or inheritance of income from property. (Emphasis supplied.) If the law is to be changed to remedy any possible inconsistency, and we think there is none, the change must come from the Congress, not from this Court. Finally, petitioner seems to argue that respondent erred in computing the estate's DNI during the years in issue. A large part of the estate's gross income during these years was from a partnership. The decedent and his brother, Arthur Schaefer, had been partners in various real estate investments, and the partnership had not yet wound up its affairs by the end of 1976, the last year in issue. See Matter of Trust Estate of Schaefer,91 Wis. 2d 360, 283 N.W. 2d 410 (Ct. App. 1979). Citing Wisconsin law, [12] petitioner seems to argue that the partnership income is not a part of the estate's DNI. [13] We disagree.
*337 DNI is an estate's taxable income, with certain adjustments. Sections 642, 643(a). Except for the adjustments provided in sections 642 and 643(a), an estate's taxable income is "computed in the same manner as in the case of an individual." Section 641(b). None of these adjustments involve an estate's income from a decedent's interest in a partnership. Gross income includes a taxpayer's distributive share of partnership income. Section 61(a)(13). Thus, an estate's share of partnership income properly goes into the calculation of the estate's taxable income and its DNI. Even if petitioner's argument under state law is correct, it is irrelevant. State law creates legal interests and rights, but the Federal revenue law designates what legal interests or rights, so created, will be taxed. Morgan v. Commissioner,309 U.S. 78, 80 (1940). DNI and taxable income of an estate are questions of Federal tax law that must be determined under a uniform Federal standard, and not be subject to the vicissitudes of state law. See Lyeth v. Hoey,305 U.S. 188 (1938). Moreover, we believe petitioner's argument is incorrect under state law. While decedent had *338 no exclusive right to specific partnership property, so that the widow's allowance could not have been satisfied out of partnership property, Uniform Partnership Act (UPA), Sec. 25(2)(e), Wis. Stat. Ann., Sec. 178.21(3)(e), his right in specific partnership property is not the extent of his interest in the partnership. "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." UPA Sec. 26, Wis. Stat. Ann., Sec. 178.22. And although decedent's death dissolved the partnership, UPA Sec. 31(4), Wis. Stat. Ann., Sec. 178.26(4), the dissolution did not extinguish the deceased partner's interest in the partnership. Rather, his interest passed to his estate, and then to his trustee. UPA Sec. 38(1), Wis. Stat. Ann., Sec. 178.33(1). See Matter of Trust Estate of Schaefer,91 Wis. 2d 360, 283 N.W. 2d 410, 417-423 (Ct. App. 1979). As property of the estate, the partnership income could be used to pay the widow's allowance. From the income tax returns of the estate entered in evidence, we find that the estate's DNI far *339 exceeded the widow's allowance paid to petitioner in each year in issue. Accordingly, we sustain respondent's determination that the widow's allowance of $24,000 petitioner received each year was taxable income to her under section 662(a)(2). To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has conceded the late filing addition under section 6651(a)(1) for the year 1973, and petitioner has conceded the casualty loss for the year 1974. There are also certain automatic adjustments resulting from the changes in adjusted gross income.↩
3. Section 661(a), as in effect during the years in issue, provided in pertinent part: In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate * * *, the sum of-- (1) any amount of income for such taxable year required to be distributed currently (including any amount required to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for such taxable year); and (2) any other amounts properly paid or credited or required to be distributed for such taxable year; but such deduction shall not exceed the distributable net income of the estate * * *. ↩
4. DNI is determined under sections 642 and 643(a). ↩
5. Section 662(a), as in effect during the years in issue, provided in pertinent part: [T]here shall be included in the gross income of a beneficiary to whom an amount specified in section 661(a) is paid, credited, or required to be distributed (by an estate or trust described in section 661), the sum of the following amounts: (1) Amounts Required to be Distributed Currently.--The amount of income for the taxable year required to be distributed currently to such beneficiary, whether distributed or not. * * *. (2) Other Amounts Distributed.↩--All other amounts properly paid, credited, or required to be distributed to such beneficiary for the taxable year. * * * 6. Petitioner does not appear to argue that she is not a beneficiary within the meaning of sections 662(a) and 643(c), and in any event such an argument would be meritless. See United States v. James,333 F. 2d 748, 750 (9th Cir. 1964), cert. denied 379 U.S. 932 (1964); Cameron v. Commissioner,68 T.C. 744, 747-748↩ (1977). 7. Section 662(a) limits the total amounts includable to the amount of the estate's DNI, and has certain rules allocating the estate's available DNI among various "tiers" of beneficiaries, and among various beneficiaries within a given tier. Since petitioner appears to be the only beneficiary who actually received section 661 distributions and who was entitled to receive section 661 distributions, we are not faced with a question of allocation. However, as discussed below, petitioner seems to contest the computation of the estate's DNI.↩
8. Section 1.661(a)-2(e), Income Tax Regs., provides: The terms "income required to be distributed currently" and "any other amounts properly paid or credited or required to be distributed" include amounts paid, or required to be paid, during the taxable year pursuant to a court order or decree or under local law, by a decedent's estate as an allowance or award for the support of the decedent's widow or other dependent for a limited period during the administration of the estate. The term "any other amounts properly paid or credited or required to be distributed" does not include the value of any interest in real estate owned by a decedent, title to which under local law passes directly from the decedent to his heirs or devisees. Section 1.662(a)-3, Income Tax Regs., provides in pertinent part: (a) There is included in the gross income of a beneficiary under section 662(a)(2) any amount properly paid, credited, or required to be distributed to the beneficiary for the taxable year * * *. (b) Some of the payments to be included under paragraph (a) of this section are: * * * (6) an amount required to be paid during the taxable year pursuant to a court order or decree or under local law, by a decedent's estate as an allowance or award for the support of the decedent's widow or other dependent for a limited period during the administration of the estate which is payable only out of corpus of the estate under the order or decree or local law. ↩
9. Under the prior regulations, a widow's allowance was deductible by the estate and includable in the widow's gross income only to the extent that the allowance was payable out of and chargeable to income under the order or decree or local law. See T.D. 6217, 1956-2 C.B. 336, 372, 377-379 (Dec. 19, 1956). However, in Estate of McCoy v. Commissioner,50 T.C. 562, 566-567 (1968), appeal dismissed (2d Cir. March 10, 1969), we invalidated respondent's prior regulation under section 661(a), and held that amounts paid by an estate as a widow's allowance were deductible by the estate under section 661(a)(2) as "properly paid * * * or required to be distributed," even though such amounts had been paid from the corpus of the estate. In response to our decision in Estate of McCoy,supra, respondent promulgated the present regulations, making them retroactive to the inception of the 1954 Code.See T.D. 7287, 1973-2 C.B. 210-211 (Sept. 26, 1973); Rev. Proc. 73-4, 1973-1 C.B. 751↩.
10. Indeed, as she testified, she may well have been misled by the executors regarding their tax reporting of the widow's allowance. The executors were not consistent in the manner in which they claimed deductions for the widow's allowance. Except for 1976, they do not appear to have treated the allowance as an amount of income required to be distributed currently, secs. 661(a)(1), 662(a)(1), or as another amount properly paid, credited, or required to be distributed. Sections 661(a)(2), 662(a)(2). Nor did the executors furnish petitioner with Schedules K-1 (Form 1041) reporting the distributions to her as beneficiary. ↩
11. In any event petitioner's argument with respect to retroactivity could only be made for the year 1972. The new regulations were proposed on December 22, 1972 and were adopted on September 26, 1973. See footnote 9.↩
12. Wis. Stat. Ann., Sec. 178.21 provides in pertinent part: (1) The property rights of a partner are his rights in specific partnership property, his interest in the partnership, and his right to participate in the management. (2) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership. (3) The incidents of this tenancy are such that: (e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin. ↩
13. This may also simply be a part of petitioner's argument that her widow's allowance was paid out of the estate's corpus.↩